IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK ANTHONY STANLEY-BEY,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | Case No. C 15-3742 PSG (PR)<br><br>**ORDER OF DISMISSAL** |

On August 17, 2015, Mark Arthur Stanley-Bey, proceeding *pro se*, filed a letter which initiated this action.[1] He has been granted leave to proceed *in forma pauperis* in a separate order. For the reasons that follow, the court DISMISSES this action without prejudice.

**ANALYSIS**

Stanley-Bey claims that San Quentin State Prison defendants improperly treated wounds that he sustained on April 8, 2015. In the complaint, Stanley-Bey states that he has not pursued his claims all the way through the last level of administrative review available to him.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

---

[1] Stanley-Bey has consented to magistrate judge jurisdiction. (*See* Docket No. 8.)

Case No. C 15-3742 PSG (PR)
ORDER OF DISMISSAL

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[2]  Compliance with the exhaustion requirement is mandatory.[3]  The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective."[4]

Although nonexhaustion under Section 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal.[5]  Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies.[6]  The Ninth Circuit has interpreted Section 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending.[7]

Here, it is obvious from the face of the complaint that Stanley-Bey did not exhaust his administrative remedies, and no exception to exhaustion is alleged or apparent in the complaint.  Stanley-Bey concedes that he did not present his claims for review completely through the prison's grievance procedure.  Rather, he claims that, at the time he filed his federal complaint, he was waiting from a response from the first level of appeal.  Because Stanley-Bey did not exhaust his claims prior to filing this action, this action will be dismissed without prejudice.

Because the lack of exhaustion is clear from the face of the complaint, the case must be dismissed without prejudice to re-filing after all administrative appeals have been exhausted.[8]

---

[2] 42 U.S.C. § 1997e(a).

[3] *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).

[4] *Porter*, 534 U.S. at 524.

[5] *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

[6] *See id.*

[7] *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

[8] *See id.*; *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be

**CONCLUSION**

This case is DISMISSED without prejudice.   The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 11/24/2015

PAUL S. GREWAL
United States Magistrate Judge

---

dismissed even if exhaustion is completed by the time the complaint is actually filed).